IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| **CHRISTINA ROBERTS HOLT,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | )     No. 05-2046 Ma/P |
| **EXEL LOGISTICS, INC.,** | ) |
| | ) |
|     **Defendant.** | ) |
| | ) |

_____

**ORDER DENYING DEFENDANT'S MOTION TO ENFORCE SETTLEMENT AGREEMENT**
_____

    Before the court is Defendant Exel Logistics, Inc.'s ("Exel") motion to enforce settlement agreement, filed on December 29, 2005. Plaintiff Christina Roberts Holt ("Holt") filed a response on January 20, 2006. On January 30, 2006, Exel filed a reply. For the following reasons, Exel's motion is DENIED.

    Exel asserts that the court should enforce the proposed settlement agreement sent to Holt's attorney on November 28, 2005, although Holt refuses to sign the agreement, because the parties had agreed upon the essential and material terms until Holt changed her mind. Holt argues, however, that the parties had not agreed on the terms of a settlement, specifically Holt had not agreed to accept a confidentiality clause. Furthermore, Holt asserts that counsel for Exel was told by Holt's attorney

1

during settlement negotiations that Holt's acceptance of the terms they were negotiating was not certain.

"The power of a trial court to enter a judgment enforcing a settlement agreement has its basis in the policy favoring the settlement of disputes and the avoidance of costly and time-consuming litigation." Kukla v. Nat'l Distillers Prods. Co., 483 F.2d 619, 621 (6th Cir. 1973). Before entering an order to enforce a settlement agreement, however, the court must determine whether the agreement is a valid contract, which is a matter of state substantive law. Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir. 1992).

A federal district court is required to apply the "choice of law" rules of the state in which it sits. Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941); Cole v. Mileti, 133 F.3d 433, 437 (6th Cir. 1998). In contract cases, the Tennessee rule is the doctrine of *lex loci contractus*, which applies the law of the state where the contract was made. Ohio Cas. Ins. Co. v. Travelers Indem. Co., 493 S.W.2d 465, 466 (Tenn. 1973). Because the negotiations over the proposed settlement agreement were conducted over telephone, fax, and e-mail between attorneys who were both located in Memphis, Tennessee, the court will apply Tennessee law.

Tennessee applies the general principles of contract law to settlement agreements by requiring that they "result from a meeting of the minds of the parties in mutual assent to the

2

terms." Sweeten v. Trade Envelopes, Inc., 938 S.W.2d 383, 386 (Tenn. 1996)(internal quotes omitted). The evidence presented by Exel does not show that there has been a meeting of the minds as to settlement. Both sides rely primarily on unsworn statements in their briefs describing their telephone negotiations. The only documents before the court are a fax sent by Exel's attorney to Holt's attorney, indicating that he was planning to draft a settlement agreement, three drafts of the settlement agreement, and the attorneys' cover letters for each of the drafts.

The last draft of the settlement agreement, sent on November 28, 2005, was prepared by Exel's attorney and sent to Holt's attorney with a note stating, "*If it meets with your approval*, please have your client sign it." (Def.'s Mem. Supp. Ex. D at 1 (emphasis added).) This statement shows that, when Exel's attorney sent the third draft, he did not believe that the parties had reached a meeting of the minds. Furthermore, the third draft reinserts most of the language that Holt's attorney had eliminated when he revised the second draft. Although Exel asserts that the third draft was the product of additional telephone negotiations and implies that Holt's attorney consented during those negotiations to reinserting the language that he had previously removed, those assertions are not presented to the court in evidentiary form.

Finally, there is no indication in any of the evidence before the court that Holt gave her consent to any of the terms in the proposed drafts, and her attorney's participation in

3

settlement negotiations and in drafting the agreement is insufficient under Tennessee law to show such consent. "The general rule in Tennessee is that an attorney cannot surrender substantial rights of a client, including agreeing to dismissal of litigation which permanently bars a client from pursuing his claim, without the express authority of the client." <u>Absar v. Jones</u>, 833 S.W.2d 86, 89 (Tenn. Ct. App. 1992). No evidence has been presented to the court to show that Holt had given her attorney the express authority to settle her case without receiving her consent to the final agreement.

Therefore, the court DENIES Exel's motion to enforce the settlement agreement.

So ordered this 17th day of February 2006.

s/Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE